UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CKW, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00049-SDN |
| | ) | |
| NORTHFIELD INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DISCOVERY ISSUE**

In this action, Plaintiff contends that its insurer improperly failed to cover the loss resulting from damage to Plaintiff's property in January 2024. Plaintiff reported the loss to Defendant on January 11, 2024.

Plaintiff asks the Court to order Defendant to produce certain unredacted claim file notes in Defendant's possession, which documents Plaintiff requested in discovery. Defendant maintains that the notes are within the scope of the attorney-client privilege because the notes reflect communications with and advice from Defendant's in-house counsel. In accordance with the parties' agreement and the discussion during a telephonic hearing on the issue, Defendant submitted the disputed documents to the Court for an in-camera review.

Following a review of the documents and after consideration of the relevant authority, the Court finds that the documents are within the scope of the attorney-client privilege.

## DISCUSSION

Unless the scope of permissive discovery is limited by a court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). "The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It is designed to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* "By safeguarding communications between attorney and client, the privilege encourages disclosures that facilitate the client's compliance with law and better enable him [or her] to present legitimate arguments when litigation arises." *Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 23 (1st Cir. 2011).

Federal Rule of Evidence 501 defines, in the first instance, the application and scope of the attorney–client privilege. The Rule provides:

The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:

> • the United States Constitution;
>
> • a federal statute; or
>
> • rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 501. As the Rule reflects, where state law applies to the claim or defense, as in this diversity action, the scope of the attorney–client privilege and any limitations on its reach are determined by state law.

Maine Rule of Evidence 502, which governs the scope of the privilege under Maine law, provides in relevant part:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of any confidential communication:
>
> > (1.) Between the client or client's representative and the client's lawyer or lawyer's representative;
> >
> > (2.) Between the lawyer and the lawyer's representative;
> >
> > (3.) By the client, the client's representative, the client's lawyer, or the lawyer's representative to a lawyer representing another party in that pending action concerning a matter of common interest in a pending action;
> >
> > (4.) Between the client's representatives, or between the client and his or her representative; or
> >
> > (5.) Among the client's lawyers and those lawyers' representatives.

Me. R. Evid. 502(b). "A communication is 'confidential' if it is made to facilitate the provision of legal services to the client and is not intended to be disclosed to any third party

other than those to whom the client revealed the information in the process of obtaining professional legal services." Me. R. Evid. 502(a)(5).

An insurer cannot successfully claim the privilege "to the extent that an attorney acts as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor[.]" *Chi. Meat Processors, Inc. v. Mid-Century Ins. Co.*, No. 95-cv-4277, 1996 WL 172148, at *3 (N.D. Ill. Apr. 10, 1996); *see also, Certain London Mkt. Co. Reinsurers v. Lamorak Ins. Co.*, No. CV 18-10534-NMG, 2020 WL 6048345, at *5 (D. Mass. Oct. 13, 2020) ("It is undisputed that in insurance cases, communications with an attorney are not protected under the attorney-client privilege or work-product doctrine where the attorney performs the role of a claims adjuster and does not provide legal advice."). The court in *Chicago Meat Processors* noted that the public policy underling the distinction is that an insurance company "should not be permitted to insulate the factual findings of its claims investigation by the involvement of an attorney to perform the work." 1996 WL 172148, at *3. Similarly, an insurer should not be able to characterize every communication with in-house counsel as a request for legal advice.

Plaintiff contends that the temporal relationship between it notifying Defendant of the loss and the entry of the notes—the first note was entered less than one month following loss notification—suggests that counsel was more likely acting as an adjuster at that stage of Defendant's claim management. A review of the documents reveals that the claims department determined that legal consultation was warranted, and in early February 2024, the claims adjuster communicated with in-house counsel regarding policy coverage issues. Although the facts or potential facts are necessary for counsel to provide legal advice or

guidance, the entries do not reflect or suggest that counsel was engaged in a factual investigation. While the Court is mindful that an insurer's characterization of a communication as consisting of legal consultation is not controlling and that an insurer cannot shield from discovery its file notes simply by referencing or involving its in-house counsel, in this case, the claims adjuster's notes reflect communications related to legal advice and guidance. In this instance, counsel was not acting as a claims adjuster at the time of the communications reflected in the claim file notes but was acting as a legal advisor.

## CONCLUSION

For the reasons outlined herein, the disputed documents reflect privileged attorney-client communications. Because the documents are within the attorney-client privilege, Defendant is not required to produce the documents.

## <u>NOTICE</u>

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of September, 2025.